NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                       :
SEAN D. WOODSON,                       :
                                       :  Civil Action No. 14-7033 (RMB)
            Petitioner,                :
                                       :
      v.                               :
                                       :
UNKNOWN AGENTS                         :
OF UKNOWN AGENCY,                      :
                                       :  **MEMORANDUM OPINION AND ORDER**
            Respondents.               :
_____:

**BUMB, District Judge:**

   This matter comes before the Court upon the Clerk's receipt of Petitioner's letter, see Docket Entry No. 6, which seek reconsideration of this Court's prior order denying Petitioner in forma pauperis status without prejudice and dismissing his challenges on the grounds that these challenges were already adjudicated by the District of Maryland and United States Court of Appeals for the Fourth Circuit.  See Docket Entry No. 2 (extensively detailing the same).  Petitioner's letter asserts that he did not seek in forma pauperis status in connection with the instant matter and could not submit in forma pauperis application after this Court entered its order because Petitioner was not served with a blank in forma pauperis form.  See Docket Entry No. 6, at 1.  However, the Clerk was directed to serve and did indeed serve Petitioner with a blank in forma pauperis form.

See Docket Entry No. 2, at 10.  However, Petitioner still did not submit his in forma pauperis application.  See generally, Docket.  Therefore, Petitioner failed to comply with this Court's order.  That said, out of an abundance of caution, this Court will direct the Clerk to re-serve such blank in forma pauperis form and will allow Petitioner additional thirty days to prepay his $5 filing fee or submit his in forma pauperis application.

Just as Petitioner's Petition, Docket Entry No. 1, Petitioner's letter at bar maintains that this Court should reverse the determinations reached by the District of Maryland and United States Court of Appeals for the Fourth Circuit.  See Docket Entry No. 6.  The letter asserts Petitioner's disagreement with the analysis conducted by the District of Maryland and, especially, with the District of Maryland's reliance on Article III.  See generally, id.

As this Court already explained to Petitioner, any re-litigation of the challenges resolved by the District of Maryland and United States Court of Appeals for the Fourth Circuit is barred by the doctrine of res judicata, which applies not only to the very issues that were adjudicated but also to all other issues that could have been raised/analyzed in connection with the issued adjudicated.  See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 276 (3d Cir. 2014) (res judicata bars not only claims that were brought in the previous action, but also claims

that could have been brought because "[a] claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose"); see also McCleskey v. Zant, 499 U.S. 467, 486 (1991) (pointing out that § 2244(b) "establishes a 'qualified application of the doctrine of res judicata' [to habeas actions]") (citation to legislative records omitted); R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery, 670 F.3d 420, 427 (3d Cir. 2011) (same).

In light of the foregoing, Plaintiff's application for reconsideration is without merit. A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a

moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998). In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories). Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442.

    Here, Petitioner's application points at no errors of law or fact as to this Court's res judicata finding. It also fails to present any newly discovered or previously unavailable evidence, and it cites no intervening change in prevailing law. See Docket Entry No. 6. Finally, to the extent the statements in the letter accusing this Court of "consciencelessness" and "incorrigibility" could be construed as an attempt to assert "manifest injustice," Petitioner's position is unavailing.

In the context of a motion to reconsider, the term "manifest injustice" "means that the Court overlooked some dispositive factual or legal matter that was presented to it," In re Rose, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007), making the definition an overlap with the prime basis for reconsideration articulated in Harsco, that is, the need "to correct manifest errors of law or fact upon which the judgment was based." Alternatively, the term "manifest injustice" could be defined as "'an error in the trial court that is direct, obvious, and observable.'" Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases [therefore,] use the term 'manifest injustice' to describe the result of a plain error." Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1425 (5th Cir. 1996). Here, Petitioner's letter points at no error in this Court's res judicata reasoning.

IT IS, therefore, on this **6th** day of **January 2015**,

**ORDERED** that Petitioner's re-application to proceed in this matter in forma pauperis, if such re-application was implied, is denied without prejudice; and it is further

**ORDERED** that, within thirty days from the date of entry of this Memorandum Opinion and Order, Petitioner shall either submit his complete and properly certified by prison officials in forma pauperis application or $5 filing fee; and it is further

**ORDERED** that Petitioner's letter, Docket Entry No. 6, is construed as a motion for reconsideration and, while granted in form, it is denied in substance, see <u>Pena-Ruiz v. Solorzano</u>, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. 2008) (a litigant's motion for reconsideration is deemed "granted" if the court addresses the merits — rather than the mere procedural propriety or lack thereof - of that motion, but the fact of the court's review does not prevent the court from reaching a disposition identical — either in its rationale or in its outcome, or in both regards — to the court's previously reached decision); and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and enclose in said mailing a blank Affidavit of Poverty and Certification (Habeas Corpus), DNJ-Pro Se-007-B (Rev. 09/09).  Such mailing shall be addressed to: "Sean David Woodson, Jennifer Road Detention Center, 131 Jennifer Road, Annapolis, MD 21401."

>    s/Renée Marie Bumb
>    **RENÉE MARIE BUMB**
>    **United States District Judge**